UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------- X

BENITO HERNANDEZ,

Plaintiff,    **COMPLAINT**

-against-

THE CITY OF NEW YORK; C.O. J. BUTLER, SHIELD
#6025; C.O. JOHN/JANE DOES # 1-5; the individual
defendant(s) sued individually and in their official capacities,

**CV-12 - 04606**

Jury Trial Demanded

Defendants.

--------------------------------------------------------------------------- X

GARAUFIS, J.

GOLD, M.J.

**PRELIMINARY STATEMENT**

1.      This is a civil rights action in which plaintiff seeks relief for the violation of

plaintiff's rights secured by 42 U.S.C. § 1983; the First, Eighth, and Fourteenth Amendments to the

United States Constitution, and the laws of the State of New York and the New York State

Constitution. The claims arise from an incident that happened on or about June 16, 2011. During

the incident the City of New York, and members of the City of New York Department of

Corrections ("DOC") subjected plaintiff to, among other things, excessive force, cruel and unusual

punishment, deliberate indifference, assault and battery, retaliation for free speech, conspiracy, and

implementation and continuation of an unlawful municipal policy, practice, and custom. Plaintiff

also alleges negligence in the hiring, retention, monitoring, and training of subordinate corrections

officer and *respondeat superior* liability. Plaintiff seeks compensatory and punitive damages, declaratory

relief, an award of costs and attorney's fees, pursuant to 42 U.S.C. § 1988, and such other and

further relief as the Court deems just and proper.

### JURISDICTION & VENUE

2.      Within 90 days of the incidents alleged in this complaint, on August 17, 2011, the plaintiff served upon defendant City of New York, a notice of claim setting forth the name and post office address of the plaintiff, the nature of the claim, the time when, the place where, and the manner in which the claim and the items of damages or injuries claimed. The defendant City of New York requested a hearing pursuant to General Municipal Law § 50-H, but plaintiff notified the City of New York that plaintiff could not appear at the designated hearing location since he was incarcerated. Plaintiff informed the City of New York that he would continue to make himself available for the hearing, but it would have to take place at a correction facility. The City of New York has not sought to proceed with the hearing. This action is brought within one year and ninety days of the date of the occurrence herein.

3.      This action is brought pursuant to 42 U.S.C. § 1983, and the First, Eighth and Fourteenth Amendments to the United States Constitution as well as the New York State Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343. Plaintiff also invokes this Courts supplemental jurisdiction to hear and decide claims of state law.

4.      Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred at the Queens Criminal Court building, Kew Gardens, New York, and the defendants are subject to personal jurisdiction in the Eastern District of New York.

### PARTIES

5.      Plaintiff Benito Hernandez is a resident of the State of New York, Wyoming County. At all times relevant to this complaint, he was a pre-trial detainee under the custody and care of the New York City Department of Corrections.

2

6.      Defendant City of New York is a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

7.      Defendant C.O. J. Butler is a New York City Corrections Officer, assigned Shield #6025, employed with the DOC and assigned to the Queens Criminal Court building, located in Kew Gardens, New York, or other as yet unknown DOC assignment who violated plaintiff's rights as described herein.

8.      Defendant C.O. John/Jane Does # 1-5, are New York City Corrections Officer, employed with the DOC and assigned to the Queens Criminal Court building, located in Kew Gardens, New York, or other as yet unknown DOC assignment who violated plaintiff's rights as described herein.

9.      The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

10.     On or about June 16, 2011, at and in the vicinity of the pre-trial detainee facility, located at Queens Criminal Court building, Kew Gardens, New York, DOC Corrections Officer C.O. J. Butler, Shield #6025, and other as yet unknown DOC Corrections Officers, committed the following illegal acts against plaintiff.

11.     On or about June 16, 2011, plaintiff was a pre-trial detainee in the exclusive custody and control of the New York City Department of Corrections.

12.     On or about June 16, 2011, at approximately 12:45 p.m., plaintiff was detained at the holding cell known as "Bullpen #2" when a fellow detainee returned to the holding cell and asked the corrections officers who were present near the holding cell for lunch because he had missed lunch.  In response, defendant C.O. Butler threw a sandwich onto the floor near the non-party pre-trial detainee.

3

13.     Plaintiff complained to C.O. Butler that he shouldn't treat the detainees like animals. Plaintiff's right to complain about the conditions of confinement is a constitutionally protected interest.

14.     In retaliation for plaintiff's free exercise of his constitutionally protected right, defendant Butler came into the holding cell and, without provocation, justification, or cause struck plaintiff in the face repeatedly with punches. Plaintiff was then taken to the ground by defendant Butler where he was continued to be assaulted by him with punches to his body. Plaintiff was thereafter transported to Jamaica Hospital Center, located in Jamaica, New York for treatment of his injuries.

15.     Other DOC officers who did not touch plaintiff, witnessed the above-mentioned unlawful acts and had a duty to protect him from such unlawful conduct but failed to do so.

16.     Defendant Butler did not have cause, justification, or an objective and/or reasonable basis to use any degree of force against plaintiff, since plaintiff was unarmed and compliant. Defendant Butler's use of force against plaintiff was done intentionally, maliciously, and sadistically for the very purpose of causing harm to plaintiff and in retaliation for the exercise of his right to complain about the conditions of confinement.

17.     Plaintiff was physically injured as a result of the excessive use of force, and suffered, among other things, contusions, abrasions, and a concussion.

18.     Plaintiff asked defendant Butler to cease the unlawful conduct against him and plaintiff sought the assistance of other present DOC officers to cease defendant Butler's assault of him. Defendant Butler and all other present DOC officers ignored plaintiff's protests.

19.     Eventually, plaintiff was transported to the Jamaica Hospital Center, located in Jamaica, New York.

4

20.     Upon information and belief, while plaintiff was being treated at the hospital, defendants, pursuant to a conspiracy, falsely and maliciously created a "Report and Notice of Infraction" claiming that, among other things, plaintiff had attempted to strike defendant Butler and that defendant Butler had acted in self-defense to take plaintiff to the ground. Based upon this false information, plaintiff was penalized for a violation of DOC rules.

21.     The aforesaid events are not an isolated incident. Defendant City of New York is aware (from lawsuits, notices of claim, and complaints) that many of the DOC's officers are insufficiently trained on the proper way to use force, respond to complaints about their conduct, and protect inmates from instances of excessive force they witness.

22.     Defendant City of New York is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, City of New York has failed to take corrective action. This failure caused the defendants in the present case to injure plaintiff, violate the law, and violate the plaintiff's rights.

23.     Moreover, defendant City of New York was aware prior to the incident that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed. Despite such notice, defendants have retained these individuals, and failed to adequately train and supervise them.

24.     Further, defendant City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice and/or policy) would assault inmates at holding cells in an effort to maintain their improper control over other inmates and exert unnecessary force against inmates, such as occurred here.

25.     At all times defendant City of New York, by the DOC, and its agents, servants and/or employees, carelessly, and recklessly trained the individual defendants for the position of corrections officers.

5

26.     At all times, defendant City of New York, by the DOC, and its agents, servants and/or employees, carelessly, and recklessly supervised, controlled, managed, maintained and inspected the activities of the individual defendants.

27.     At all times, defendant City of New York, by the DOC, and its agents, servants and/or employees caused, permitted and allowed the individual defendants to act in an illegal, unprofessional, and/or deliberate manner in carrying out their official duties and/or responsibilities.

28.     At all times, defendant City of New York, by the DOC, and its agents, servants and/or employees carelessly and recklessly retained in its employ, the individual defendants, who were clearly unfit for their positions, who acted in an illegal, unprofessional, and/or deliberate manner in carrying out their official duties and/or responsibilities.

29.     The occurrence(s) and injuries sustained by plaintiff, were caused solely by, and as a result of the malicious, reckless, and/or intentional conduct of the defendant City of New York and its agents, servants and/or employees, as set forth above, without provocation on the part of the plaintiff contributing thereto, specifically, the intentional and reckless manner in which said defendant hired, trained, supervised, controlled, managed, maintained, inspected and retained the individual defendants.

30.     The individual defendants acted in concert committing the above-described illegal acts toward plaintiff.

31.     Plaintiff did not resist at any time during the above incidents.

32.     Plaintiff did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above-described incidents.

33.     The individual defendants did not observe plaintiff violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above-described incidents.

34.     At no time prior to, during or after the above incidents were the individual defendants provided with information, or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiff had violated any law, regulation, or administrative code; committed any criminal act; or acted in a suspicious or unlawful manner prior to or during the above incidents.

35.     Defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment.  Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his rights.

36.     As a direct and proximate result of defendants' actions plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

37.     Plaintiff is entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to plaintiff's rights.

## FIRST CLAIM
### (EXCESSIVE FORCE)

38.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

7

39.     Defendant Butler's use of force upon plaintiff, as described herein was intentional, malicious, and sadistic, without an objective and/or reasonable basis and for the very purpose of causing harm to plaintiff; and the other individual defendants' failure to intervene, was objectively unreasonable and caused plaintiff pain and injury.

40.     Accordingly, defendants are liable to plaintiff for using unreasonable and excessive force 42 U.S.C. § 1983; and the Fifth and Eighth Amendments to the United States Constitution.

## SECOND CLAIM
## (ASSAULT AND BATTERY)

41.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

42.     Among other things, as described above, the attack against plaintiff placed him in fear of imminent and harmful and offensive physical contacts.

43.     Among other things, as described above, the attack against plaintiff was an unlawful physical contact.

44.     Accordingly, defendants are liable to plaintiff for assault and battery under state law.

## THIRD CLAIM
## (RETALIATION FOR PLAINTIFF'S RIGHT TO FREE SPEECH)

45.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

46.     Plaintiff exercised free speech during the incident by, among other things, peacefully complaining to defendants about the conditions of confinement and that the officers were mistreating plaintiff and the other pre-trial detainees.

47.     Plaintiff's use of free speech was the motivating factor in defendants' decision to use force upon, and initiate a "Report and Notice of Infraction" which resulted in plaintiff's injury and punishment.  Accordingly, defendants are liable to plaintiff under the First Amendment to the United States Constitution for violating plaintiff's right to free speech.

## FOURTH CLAIM
### (42 U.S.C. § 1983 CONSPIRACY)

48.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

49.     Defendants are liable to plaintiff because they agreed to act in concert to inflict an unconstitutional injury; and committed an overt act done in furtherance of that goal causing damage to plaintiff.

## FIFTH CLAIM
### (NEGLIGENT SUPERVISION, HIRING, MONITORING, TRAINING AND RETENTION OF UNFIT EMPLOYEES)

50.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

51.     Defendant City of New York is liable to plaintiffs because the occurrence and injuries sustained by plaintiff was caused solely by, and as a result of malicious, reckless, negligent, and/or intentional conduct of defendant City of New York, and the DOC, its agents, servants, and/or employees, as set forth above, without provocation on the part of plaintiff contributing thereto, specifically, the negligent and reckless manner in which said defendant hired, trained, supervised, controlled, managed, maintained, inspected, and retained its corrections officers.

## SIXTH CLAIM
### (RESPONDEAT SUPERIOR CLAIM AGAINST THE CITY OF NEW YORK)

52.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

53.     The individual defendants were acting within the scope of their employment as New York City Police Officers when they committed the above-described acts against plaintiff, including, assaulting and battering and using excessive force against plaintiff.

54.     The defendant City of New York is therefore vicariously liable under New York State Law for the aforesaid torts.

### SEVENTH CLAIM
### (MONELL CLAIM AGAINST THE CITY OF NEW YORK)

55.     The City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

56.     Upon information and belief, the City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

57.     Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the defendants and improperly retained and utilized them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the defendants.

58.     In addition, the following are City policies, practices and customs:

(a)     permitting corrections officers to exercise unaccountable physical control over inmates at various holding facilities; (b) fabricating evidence against inmates; (c) using excessive force on individuals; and (d) retaliating against individuals who engage in free speech.

**WHEREFORE**, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

10

(a)    Compensatory damages in an amount to be determined by a jury;

(b)    Punitive damages in an amount to be determined by a jury;

(c)    Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

(d)    Such other and further relief as this Court may deem just and proper,

including injunctive and declaratory relief.

DATED:    Brooklyn, New York
          September 13, 2012

KUSHNER LAW GROUP, P.L.L.C.
*Attorney(s) for Plaintiff*
16 Court Street, Suite 2901
Brooklyn, New York 11241
(718) 504-1440 (tel)
(718) 504-4630 (fax)
mk@kushlawgroup.com

/s

Michael P. Kushner, Esq.

MICHAEL O. HUESTON, ESQ.          JAVIER A. SOLANO, ESQ.
*Attorney for Plaintiff*            *Attorney for Plaintiff*
16 Court Street, Suite 3301        507 Willis Avenue
Brooklyn, New York 11241           Bronx, New York 10455
(718) 246-2900 (tel)               (718) 665-3200 (tel)
(718) 246-2903 (fax)
mhueston@nyc.rr.com                jsolano@solanolegal.com

11